FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 02 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOAN CHARLES, Occupant in Linden Plaza,

                      Plaintiff,

            -against-

SHAUN DONOVAN, Secretary of Housing and
Urban Development of the United States et. al.,

                    Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12 CV 4652 (WFK)

KUNTZ, United States District Judge.

On September 14, 2012, plaintiff filed the instant *pro se* action pursuant to 28 U.S.C. § 1331, seeking, *inter alia*, to stay her eviction. The Court grants plaintiff's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order. For the reasons discussed below, the action is dismissed for lack of subject matter jurisdiction.

### Background

Plaintiff alleges that in 2003 she moved in with her niece, who resided in an apartment at Linden Plaza, a Mitchell-Lama development, in Brooklyn. See Compl. at 2. In 2004, plaintiff's niece moved from the apartment. At that time, plaintiff alleges that her niece notified management that she wanted to transfer the apartment to plaintiff. Plaintiff further alleges that in 2010, management began to consider plaintiff's request for "succession rights" and in 2012, the request was denied. Compl. at 3. Plaintiff states that she was denied succession rights as management alleged that plaintiff failed to provide proof that she lived with her niece for one year, prior to her niece moving out of the apartment.

Although unclear, this matter has been previously litigated in Housing Court as plaintiff alleges that "[t]he Housing Court Judge made it clear that she will authorize our eviction (based on

Mitchell Lama rules)." Compl. at 5. Plaintiff alleges that she will be evicted on September 25, 2012. Compl. at 5; Exhibit B, annexed to the Compl.

Plaintiff seeks to have the Court stay her eviction, to determine whether her succession rights are subject to the Mitchell-Lama rules, and monetary damages.

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

**Discussion**

<u>Subject Matter Jurisdiction</u>

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986); <u>Lyndonville Sav. Bank & Trust Co. v. Lussier,</u> 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by any party or by the Court *sua sponte*. <u>Bender</u>, 475 U.S. at 541

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. <u>Arbaugh v. Y & H Corp.</u>, 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. <u>Id.</u> Moreover, "[t]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." <u>Conyers v. Rossides</u>, 558 F.3d 137, 143 (2d Cir. 2009) (quoting <u>Sharkey v. Quarantine</u>, 541 F.3d 75, 82 (2d Cir. 2008)) (internal quotation marks omitted). Here, complete diversity of citizenship is lacking.

The Supreme Court has provided that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." <u>Hagans v. Lavine</u>, 415 U.S. 528, 537 (1974) (quoting <u>Ex parte Poresky</u>, 290 U.S. 30, 31-32 (1933)). "A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." <u>Arbaugh</u>, 546 U.S. at 513 (citing <u>Bell v. Hood</u>, 327 U.S. 678, 681-85 (1946)).

To the extent that plaintiff is challenging her eviction, this Court lacks jurisdiction. <u>See</u> <u>McMillan v. Dept. of Bldgs</u>, No. 12 CV 318, 2012 WL 1450407, at *2 (E.D.N.Y Apr. 26, 2012) (federal court lacks jurisdiction over eviction proceedings); <u>Rosen v. North Shore Towers</u>

Apartments, Inc. No. 11 CV 0752, 2011 WL 2550733, at *4 (E.D.N.Y. Jun. 27, 2011) (same); Kheyn v. City of New York, Nos. 10 CV 3233, 10 CV 3234, 2010 WL 3034652, at *2 (E.D.N.Y. Aug. 2, 2010).

In addition, this action, is further barred pursuant to the Rooker–Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (the Rooker-Feldman doctrine applies when a plaintiff complains in federal court of injuries that are caused by a state-court judgment). In Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 83 (2d Cir. 2005), the Second Circuit set out the four requirements of the Rooker–Feldman doctrine in light of Exxon: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court proceedings commenced." 422 F.3d at 85 (internal quotations omitted).

Here, plaintiff's complaint satisfies all four factors for the application of the Rooker–Feldman doctrine: (1) plaintiff lost in state court; (2) she complains of the injury caused by the state court eviction; (3) she wants this Court to review the state court's process and seeks rejection of its determinations, and (4) the state court determinations in question were rendered before this action was commenced. Accordingly, this Court lacks subject matter jurisdiction to hear this claim. Morris v. Sheldon J. Rosen, P.C., No. 11 CV 3556, 2012 WL 2564405, at *4-5 (E.D.N.Y. July 2, 2012).

## Conclusion

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(3). Plaintiff's request for injunctive relief is denied as moot. The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Judge Kuntz, II

WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
October 2, 2012

5